UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M<small>OHAMED</small> B<small>OUDALI</small>,

    Plaintiff,

v.

I<small>NTERNAL</small> R<small>EVENUE</small> S<small>ERVICE</small>,

    Defendant.
_____/

Case No. 19-12848

S<small>ENIOR</small> U. S. D<small>ISTRICT</small> J<small>UDGE</small>
A<small>RTHUR</small> J. T<small>ARNOW</small>

U.S. M<small>AGISTRATE</small> J<small>UDGE</small>
D<small>AVID</small> R. G<small>RAND</small>

**O<small>RDER</small> G<small>RANTING</small> D<small>EFENDANT'S</small> M<small>OTION FOR</small> J<small>UDGMENT ON THE</small> P<small>LEADINGS</small> [17]**

Plaintiff Mohamed Boudali, a Canadian citizen and resident who works in the U.S., commenced this action against the Internal Revenue Service ("IRS") on September 30, 2019. Plaintiff claims that the IRS, in violation of Article 25 of the U.S.-Canada Tax Treaty ("Treaty"), discriminates against him and his wife on the basis of citizenship by overestimating their income taxes and excluding them from deductions only available to U.S. citizens. (ECF No. 1, PageID.6-8); U. S. – Canada Income Tax Convention, Sep. 26, 1980, https://www.irs.gov/pub/irs-trty/canada.pdf [https://perma.cc/K8KZ-ABHN], *as amended by* the 2007 Protocol, Sep. 21, 2007, https://home.treasury.gov/system/files/131/Treaty-Canada-Pr2-9-21-2007.pdf [https://perma.cc/363B-XBZ3]. Plaintiff alleges the Treaty prohibits this

discrimination and requires the IRS to tax Canadian workers in the U.S. at the same rate as U.S. citizens.

Before the Court is Defendant's Motion for Judgment on the Pleadings, or, in the alternative Summary Judgment [17] filed on August 18, 2020. Plaintiff filed a Response [19] on August 27, 2020. Defendant filed a Reply [20] on September 8, 2020. Plaintiff filed a Sur-Reply [21] on September 21, 2020. On December 22, 2020, the Court held a hearing on the Motion [17]. For the reasons stated below, the Court **GRANTS** the Motion [17].

## Factual Background

Plaintiff Mohamed Boudali and his wife are Canadian citizens who reside in Windsor, Ontario, Canada. (ECF No. 1, PageID.2). They are both non-resident aliens who work in the U.S. under TN Visas. (*Id.* at 6). Plaintiff and his wife each file individual income taxes under Form 1040NR (U.S. Nonresident alien individual income tax return) and jointly file hypothetical Form 1040[1] for married couples. (*Id.*).

Plaintiff claims that the IRS discriminates against him and his wife on the basis of citizenship. Specifically, Plaintiff claims that the IRS has overestimated

---

[1] Under the Treaty, this form allows married couples to compute their joint tax returns. Treaty, art. XXV, ¶ 3.

their 2012, 2016, 2017, and 2018 income taxes by excluding them from deductions such as children education credits. Plaintiff further alleges that Article 25 of the US-Canada Tax Treaty prohibits this discrimination and requires the IRS to tax Canadian workers in the U.S. as if they were U.S. citizens.

Plaintiff seeks $2,501 and $3,000 refunds for overpayment in 2016 and 2017, respectively. (ECF No. 1, PageID.2). On May 1, 2017, Plaintiff reported paying $2,777 in individual income tax on his 2016 Form NR. (*Id.* at 35); (ECF No. 17-1, pg. 246). On January 18, 2018, the IRS automated system determined that Plaintiff owed $2,571.47 in additional taxes for 2016, because he could not "claim education credits as a non-resident alien." (*Id.* at 247); (ECF 1-1, pg. 128-32). Plaintiff paid the balance. (*Id.* at 248).

For 2017, Plaintiff reported paying $3,014 in individual income tax on his Form NR and claimed $1,000 in Child Tax Credit. (ECF No. 1-1, pg. 96). Using the Treaty formula, the IRS determined that Plaintiff miscalculated his tax liability and claimed too much in tax credits. (*Id.*). The IRS concluded that Plaintiff owed $4,483 in taxes for 2017 (ECF No. 17-1 at 248). Plaintiff paid the balance in full. (*Id.*). He now seeks a refund for his alleged overpayment.

## LEGAL STANDARD

Defendant moves for judgment on the pleadings or summary judgment in the alternative. Considering that while ruling on a motion for judgment on the pleadings, the Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein," the Court will analyze Defendant's motion on the judgment on the pleadings standard. *Bassett v. Nat'l Collegiate Athletics Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are analyzed under the same standard as motions to dismiss pursuant to Rule 12(b)(6). *Lindsay v. Yates,* 498 F.3d 434, 438 (6th Cir. 2007). The Court must "assume the veracity of [the plaintiff's] well-pleaded factual allegations and determine whether the plaintiff is entitled to legal relief as a matter of law." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Plaintiff must also "allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## ANALYSIS

Plaintiff's U.S. wages are subject to U.S. taxation under the Internal Revenue Code and the Treaty. As amended by the Fifth Protocol to the Treaty in 2007, paragraph 1 of the Non-discrimination Article provides that:

> Nationals of a Contracting State shall not be subjected in the other Contracting State to any taxation or any requirement connected therewith that is more burdensome than the taxation and connected requirements to which nationals of that other State *in the same circumstances*, particularly with respect to taxation on worldwide income, are or may be subjected.

Treaty, art. XXV, ¶ 1 (as amended) (emphasis added). Under the Treasury Department's Technical Explanation of the 2007 Protocol, this language means that the U.S. cannot impose a tax burden on a Canadian national more than one imposed on a U.S. national in the same circumstances, particularly in regard to taxable worldwide income. Department of the Treasury Technical Explanation of the Protocol Done at Chelsea on September 21, 2007 Amending the Convention Between the United States of America and Canada With Respect to taxes on Income and on Capital Done at Washington on September 26, 1980, Pg. 42, https://home.treasury.gov/system/files/131/Treaty-Canada-Pr2-TE-9-21-2007.pdf [https://perma.cc/GXH9-P7NA]. This is because the U.S. taxes U.S. nationals on all income made around the world, while foreign nationals are only taxed on the income made in the U.S. *Herrmann v. United States*, 124 Fed. Cl. 56, 68-69 (2015) ("Gross

income for the purpose of calculating a U.S. citizen's taxable income is defined as 'all income from whatever source derived.'" (quoting I.R.C. § 61(a)); *see also* Kuntz & Peroni, U.S. INT'L TAX, NONDISCRIMINATION CLAUSES, ¶ C4.20 2000 WL 530244, 3 ("A U.S. citizen who is not a resident of the United States and a foreign national who is not a resident of the United States are not in the same circumstances because the nonresident U.S. citizen is subject to U.S. income tax on worldwide income."); *see also Cook v. Tait*, 265 U.S. 47, 56 (1924); *see also* Treaty, Art. XV, ¶ 1.

For example, the tax court in *Farina v. Comm'r* rejected an Italian national's argument that he was entitled to deductions under the U.S.-Italy Tax Treaty. No. 13411-07S, 2009 WL 416060 (T.C. Feb. 18, 2009). Similar to Plaintiff, the Italian national argued that the Treaty's non-discrimination provisions prohibited the U.S. from barring his claims for standard deductions. *Id.* The court, however, concluded that U.S. nationals and foreign nationals were not in the same circumstances because "U.S. citizens and residents are taxable on their income from both within and without the United States," while nonresidents aliens "are generally taxable only on their U.S. source income." *Id.* at *3-4.

Therefore, since a Canadian national's world-wide income is not subject to U.S. taxation, the Treaty does not require the U.S. to tax Canadian and U.S. nationals

with worldwide income the same way. In addition, Canadian nationals do not have the right to the same deductions and credits that U.S. national have access to. Plaintiff, therefore, was taxed appropriately when he was taxed differently from a U.S. citizen and not discriminated against.

Accordingly, Plaintiff is not entitled to a refund on his 2016 and 2017 taxes, because as a non-resident alien he cannot claim standard deductions and education credits. *See* 26 U.S.C. § 63 (c)(6)(B), § 25A (g)(7). Considering that there is no dispute of fact and the law is well-established, the Court grants Defendant's Motion for Judgment on the Pleadings [17].

## CONCLUSION

**IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings [17] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED with prejudice**.

**SO ORDERED**.

               s/Arthur J. Tarnow
               Arthur J. Tarnow
Dated: March 29, 2021       Senior United States District Judge